UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY M.,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>                              Defendant. | Case No.:  22-CV-1649-DMS-KSC<br><br>**REPORT & RECOMMENDATION TO: (1) DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. NO. 18]; AND (2) REMAND THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff Mary M. seeks review of defendant Kilolo Kijakazi, Acting Commissioner of Social Security's, denial of plaintiff's claim for disability benefits. Doc. No. 1. The Court directed the parties to explore informal resolution of the matter through the meet-and-confer process, but they did not resolve the case on their own. Doc. Nos. 12, 13. Thereafter, plaintiff filed a Motion for Summary Judgment, defendant filed a Response Requesting Remand, and plaintiff filed a Reply. Doc. Nos. 18, 20, 24. Having considered the parties' submissions and the Administrative Record (Doc. No. 10 "AR"), the undersigned submits this Report and Recommendation to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636. For the reasons discussed below, the Court **RECOMMENDS** District

Judge Sabraw **DENY** plaintiff's Motion for Summary Judgment and **REMAND** the case for further administrative proceedings.

## I.     PROCEDURAL BACKGROUND

On January 30, 2019, plaintiff applied for disability insurance benefits, alleging disability since February 1, 2012. AR 9.[1] The Social Security Administration ("SSA") denied the claim initially and upon reconsideration. *Id*. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 9, 2021. *Id*. The ALJ questioned plaintiff and a vocational expert ("VE") at the hearing. *Id*. On May 11, 2021, after reviewing the documentary evidence in the record and hearing the witnesses' testimony, the ALJ ultimately concluded plaintiff was not disabled. AR 9-19.  The Appeals Counsel denied plaintiff's request for review and this case followed. AR 1-5; Dkt. No. 1.

## II.     SUMMARY OF ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since June 11, 2012, her alleged onset date, through December 31, 2015, her date last insured. AR 11.

At step two, the ALJ found plaintiff had the following severe medically determinable impairments through December 31, 2015: osteoarthiritis of the bilateral knees (left greater than right), disorders of the bilateral ankles, cervical degenerative disc disease, carpal tunnel syndrome, disorders of the bilateral shoulders, and migraine headaches. AR 11-13.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the SSA's Listing of Impairments. AR 13-15.

---

[1] The Court's citations to the AR use the original pagination rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

Before proceeding to step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except:

> [she] cannot crawl and cannot climb ropes, ladders, or scaffolds. She can occasionally stoop, crouch, kneel, and climb ramps or stairs. She can occasionally reach overhead. She can frequently reach below shoulder level, handle, and finger.

AR 15.

At step four, the ALJ concluded plaintiff was capable of performing past relevant work as an attorney and did not proceed to step five. AR 19.

## III.   STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quotations omitted), superseded by regulation on other grounds as stated in *Thomas v. Saul*, 830 F. App'x 196, 198 (9th Cir. 2020). It is "more than a mere scintilla but, less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

## IV.   DISCUSSION

Plaintiff alleges defendant made nine errors in denying her claim:

(1)     The ALJ violated plaintiff's due process rights to reopen her prior applications despite repeated requests;

(2)     The ALJ erred in finding plaintiff did not have a severe mental impairment;

(3)     The ALJ erred in finding plaintiff's migraine headaches were a severe impairment yet did not result in any functional limitations;

(4)     The ALJ erred in finding plaintiff's severe impairments did not meet or equal the medical listings;

(5)     The ALJ erred in failing to give specific, legitimate reasons for rejecting the opinions of plaintiff's treating physicians;

(6)     The ALJ's assessment of plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence from the record;

(7)     The ALJ erred by discounting third party statements;

(8)     The ALJ's reasons for discrediting plaintiff's symptoms of disabling pain were legally insufficient;

(9)     The ALJ failed to resolve conflicts in the testimony of the VE.

Doc. No. 18 at 5-6.

Defendant responded requesting the Court "enter a final judgment in favor of plaintiff, and against defendant, reversing the decision of the Commissioner." Doc. No. 20 at 2. Defendant asks the Court to remand the case under the fourth sentence of 42 U.S.C. § 405(g) in order for the SSA to:

> revaluate impairments at step two of the sequential evaluation process; reevaluate the residual functional capacity; if warranted, obtain supplemental vocational expert testimony to determine whether plaintiff could perform past relevant work or whether there are jobs that exist in significant numbers in the national economy that plaintiff could perform with her residual functional capacity; and take further action as necessary to complete the administrative record and resolve the above issues.

*Id.*

Plaintiff opposes defendant's request, arguing the Court should remand her case only to award benefits because "a remand to complete the record and resolve issues is unnecessary." Doc. No. 24 at 11-12.

The Court "may remand a case under the fourth sentence of 42 U.S.C. § 405(g) after passing on its merits and issuing a judgment, affirming, reversing, or modifying" defendant's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  Defendant submits

4

the ALJ failed to meet his burden at step two and in evaluating the RFC. Doc. No. 20 at 2. After reviewing the ALJ's decision and AR, the undersigned agrees and finds remand may correct defects in the decision and may affect findings at subsequent steps. The Court, therefore, recommends the case be remanded in order for defendant to reevaluate plaintiff's claim starting at step two. *See Washington v. Barnhardt*, 285 F. Supp. 2d 897 (S.D. Tex. Mar. 4, 2003) (granting the SSA's opposed request to remand where the SSA "wishes to avail the [ALJ] an opportunity to reevaluate [the plaintiff's RFC] . . . and review evidence with respect to the date of the onset of her alleged disability."); *Vazquez v. Comm'r of Soc. Sec. Admin..*, No. CIV 14-1499 (SCC). 2016 WL 3199434, at *2 (D. P.R. Jun. 7, 2016) ("In cases that warrant compliance with requirements of substantial evidence rules, including the need for further RFC findings, sentence four remand is in order.").

Plaintiff also requests the Court address "the issue of reopening prior applications," referring to applications for disability benefits filed in 2015 and 2017. Doc. No. 24 at 12. Plaintiff contends she requested the SSA reopen her prior disability benefits applications in connection with her 2019 application. *See* AR 54 (plaintiff testifies her requests to reopen prior applications are missing from the AR and will be submitted); AR 129 ("The ALJ decision failed to reopen prior applications for disability despite repeated requests by claimant."); AR 130 ("In [plaintiff's] 2017 and 2019 initial online SSA disability application documents, she requested re-opening of all prior SSA disability applications. (1A/2, 2A). Based upon these facts and SSA regulations, [plaintiff] respectfully requests that SSA re-open her prior application in January 2015 based upon good cause i.e. new and material evidence."). Defendant does not respond to this argument.

The SSA may reopen a case within four years of the initial determination date upon a good cause showing, as defined in 20 C.F.R. § 404.989. 20 C.F.R. § 404.988(b) Here, there is no evidence in the record to suggest the SSA responded to plaintiff's request to reopen her prior applications. The Court, therefore, recommends upon remand the SSA also be directed to evaluate whether to reopen plaintiff's 2015 and 2017 disability applications.

## V.   CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS District Judge Sabraw DENY plaintiff's Motion for Summary Judgement, reverse the SSA's final decision, and REMAND the case for further administrative proceedings consistent with this Report and Recommendation.

IT IS HEREBY ORDERED that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **November 27, 2023**. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that a reply to the objections shall be filed with the Court and served on all parties no later than **December 4, 2023**. The failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998)

Dated: November 9, 2023

Hon. Karen S. Crawford
United States Magistrate Judge

22-CV-1649-DMS-KSC