# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MITCHELL,<br><br>                             Plaintiff,<br><br>  v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>                           Defendant. | Case No.: 22-cv-1649-DMS-KSC<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND DENYING COSTS** |

Pending before the Court is a Motion filed by Plaintiff's attorney, Alexandra Manbeck, for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Mot., ECF No. 31-1). Defendant filed a Response in Opposition. (Opp'n, ECF No. 39). Thereafter, Plaintiff Mary Mitchell filed an "Application to file a Declaration" in response to Ms. Manbeck's Motion. (ECF No. 41). Ms. Manbeck filed a Reply, (Reply, ECF No 42), and Defendant filed a Motion to Strike the Reply, or in the alternative, to file a Sur-Reply. (ECF No. 43). The Court denies Defendant's Motion to Strike and accepts the Reply, Sur-Reply, and Plaintiff's Declaration. The matter is submitted on the briefs without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 40). For the following reasons, the Court finds Ms. Manbeck is entitled to reasonable attorney's fees in the amount of **$29,212.47**, but no costs.

## I.   BACKGROUND

This matter came before the Court following an Administrative Law Judge's ("ALJ") denial of Plaintiff's application for a period of disability benefits and disability insurance benefits. (Compl., ECF No. 1, at 2). Following denial of her appeal of the ALJ's decision, Plaintiff, proceeding pro se, filed the instant action on October 24, 2022. (*Id.*). Plaintiff filed her "motion for summary judgment" on July 21, 2023, requesting reversal of the ALJ's order and subsequent remand, or, alternatively, remand for an order of benefits to Plaintiff. (ECF No. 18, at 25). Defendant agreed that the matter should be remanded to the ALJ for further proceedings but opposed Plaintiff's request for an order of benefits. (ECF No. 20). On November 9, 2023, Magistrate Judge Crawford issued a Report and Recommendation to deny Plaintiff's motion for summary judgment and remand for an order of benefits. (R&R, ECF No. 25).

Thereafter, Ms. Manbeck filed a Notice of Appearance as counsel of record on January 2, 2024. (ECF No. 28) ("Notice is hereby given that Plaintiff hereby appoints the undersigned, Alexandra T. Manbeck, as her attorney of record in the above-captioned case."). Plaintiff, with the assistance of Ms. Manbeck, objected to Judge Crawford's R&R and argued that the case should be remanded for the calculation of award of benefits. (ECF No. 29). On February 26, 2024, the Court overruled Plaintiff's objections and adopted Judge Crawford's R&R after *de novo* review. (ECF No. 30). On April 25, 2024, Plaintiff, now proceeding pro se, filed an appeal of this Court's Order adopting Judge Crawford's R&R to the Ninth Circuit. (ECF No. 33). On October 7, 2024, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute. (ECF No. 46).

On March 18, 2024, Ms. Manbeck filed the subject Motion. Counsel requests fees for billable work advising Plaintiff on a wide range of matters relating to the filing of Plaintiff's complaint through appeal to the Ninth Circuit, and for preparing the present Motion and related briefing. (ECF No. 31-2, at 5). She claims her billable work began on September 28, 2022, and concluded on July 19, 2024. (*Id.* at 4–5); (Reply). Plaintiff, in her declaration, appears not to oppose Ms. Manbeck's request for attorney's fees, but states

the Motion was filed "without [her] knowledge or consent." (ECF No. 41, at 3). Plaintiff also states Ms. Manbeck only agreed to provide "advice and help occasionally," while Plaintiff represented herself from 2022 to 2024. (ECF No. 41, at 2). According to Plaintiff, Ms. Manbeck's representation began on January 2, 2024, when she entered her formal appearance, and she only assisted with drafting some of Plaintiff's objections to Judge Crawford's R&R. (*Id.* at 3). Plaintiff also claims Ms. Manbeck declined to file Plaintiff's appeal and advised her to proceed pro se. (*Id.* at 4).

## II. LEGAL STANDARD

Under the EAJA, a court shall award a "prevailing party" all reasonable attorney's fees, costs, and other expenses "incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiff is entitled to attorney's fees under the EAJA if (1) the claimant is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances make the fee award unjust; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application is submitted to the Court within 30 days of final judgment in the action and is supported by an itemized statement. *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

## III. DISCUSSION

Defendant advances six arguments against an award of attorney's fees. First, under the fourth EAJA factor, Plaintiff's request for attorney's fees is premature because no final judgment has been entered. (Opp'n at 4–9). Second, and relatedly, Plaintiff is not a prevailing party because no final judgment has been entered. (*Id.* at 9). Third, Plaintiff is not entitled to fees incurred while Plaintiff represented herself because pro se litigants cannot recover fees under the EAJA. (*Id.* at 9–12). Fourth, under the "special circumstances" EAJA factor, Plaintiff should not be entitled to any attorney's fees because Ms. Manbeck's work on Plaintiff's objections to Judge Crawford's R&R was unsuccessful

and did not materially enhance Plaintiff's position. (*Id.* at 17–20). Fifth, even if Plaintiff is entitled to attorney's fees under the EAJA, the amount should be reduced to zero because Plaintiff's objections were unsuccessful. (*Id.* at 12–14). Sixth, to the extent Ms. Manbeck is entitled to fees, she should not receive a rate enhancement. (*Id.* at 14–17). Each argument is addressed in turn.

## A. Timeliness

The EAJA mandates that an application for an award of fees and other expenses shall be submitted to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). Because the government is a party, the thirty-day deadline to file an application for fees and costs under the EAJA would be sixty days post the Court's February 26, 2024 Order, or April 26, 2024, if no appeal was filed in this case. *See* Fed. R. App. P. 4(a)(1); *Yang v. Shalala*, 22 F.3d 213, 215–16 (9th Cir. 1994). Of course, as discussed, Plaintiff did file an appeal. (ECF No. 33).

While the parties disagree over whether Plaintiff's counsel filed her motion before or after final judgment, as defined by the EAJA, the Court finds the Ninth Circuit's reasoning in *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391 (9th Cir. 1986), is instructive. *Auke Bay* confronted an application for attorney's fees under the EAJA which was made eight months before the district court entered its final judgment. 779 F.2d at 1392. The *Auke Bay* court, noting § 2412(d)(1)(B) was a jurisdictional limitation that should be narrowly construed, held that § 2412(d)(1)(B) only "establishes a clear date *after which* applications for attorney's fees must be rejected as untimely; 30 days after final judgment." *Id.* at 1393. The Ninth Circuit therefore permitted the pre-final judgment application so long as the request met the requirements of § 2412(d)(1)(B). *Id.*

Here, the request for attorney's fees is timely under *Auke Bay*. The Court joins other courts in this district that have found fee applications under similar circumstances to be timely. *See, e.g.*, *Herman J. v. O'Malley*, No. 23-cv-01005-AHG, 2024 WL 4611445, at

*1–2 (S.D. Cal. Oct. 28, 2024); *Dora R.S. v. O'Malley*, No. 23-cv-00636-AJB-SBC, 2024 WL 4439260, at *1 (S.D. Cal. Oct. 7, 2024); *Lundstrom v. Young*, No. 18-cv-2856-GPC, 2023 WL 1120867, at *3 (S.D. Cal. Jan. 30, 2023). Accordingly, the Court declines to dismiss the Motion on this ground.

### B. Prevailing Party

"A plaintiff is a prevailing party if she has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17-cv-01087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Defendant argues that a final judgment must first be entered before Plaintiff is a "prevailing party" under the EAJA, but this interpretation is not supported by caselaw. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("[A] party is eligible for fees under EAJA if [she] wins at any intermediate stage in the proceedings—for instance, by obtaining a remand from the appeals court."). Because the Court reversed the ALJ's denial of Plaintiff's disability benefits and remanded for further review, Plaintiff is a prevailing party under the EAJA.

### C. Work Done While Plaintiff Proceeded Pro Se

Pro se plaintiffs are not eligible to recover fees for work they perform. *See Merrell v. Block*, 809 F.2d 639, 642 (9th Cir. 1987). "[A]n attorney [must be] retained for a prevailing *pro se* litigant to recover attorneys fees under the EAJA." *Id.* Defendant argues that *Merrell* categorically bars an attorney from recovering fees for work the attorney billed toward the pro se Plaintiff's case prior to the attorney's appearance in the case. (Opp'n at 9–12).

The Court disagrees. "It is well-settled that an award of attorneys fees [under EAJA] is not necessarily contingent upon an obligation to pay counsel … [as] [t]he presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards."

5

*Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) (quoting *Ed A. Wilson, Inc. v. Gen. Servs. Admin.*, 126 F.3d 1406, 1409 (Fed. Cir. 1997)).  Here, the record demonstrates the existence of an attorney-client relationship between Ms. Manbeck and Plaintiff since September 2022, when Plaintiff solicited and received Ms. Manbeck's advice on her case. (ECF No. 41, at 2).  *See Waggoner v. Snow, Becker, Kroll, Klaris & Krauss*, 991 F.2d 1501, 1505 (9th Cir. 1993) ("An attorney-client relationship is formed when an attorney renders advice directly to a client who has consulted [her] seeking legal counsel." (citing *Beery v. State Bar*, 43 Cal. 3d 802, 812 (1987))).  Plaintiff is therefore not precluded from recovering attorney's fees for services rendered by counsel prior to counsel's formal appearance on January 2, 2024.

### D. Special Circumstances

Defendant argues Ms. Manbeck's failure to convince this Court to overrule Judge Crawford's R&R constitutes "special circumstances [which] make an award unjust" under the EAJA.  (Opp'n at 17–20); 28 U.S.C. § 2412(d)(1)(A).  "It is the government's burden to show that [Plaintiff's] position was substantially justified or that special circumstances exist to make an award unjust."  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).  The Court has "discretion to rely on equitable factors" to deny an award of fees under the EAJA.  *Abela v. Gustafson*, 888 F.2d 1258, 1266 (9th Cir. 1989).

The Court declines to find that special circumstances preclude an award of attorney's fees.  As discussed, Ms. Manbeck seeks attorney's fees for a wide range of work.  Plaintiff also achieved partial success by receiving a reversal of decision and remand to the ALJ for further proceedings.  To the extent Plaintiff ultimately achieved only partial success, that is properly addressed in determining Plaintiff's request for reasonable fees.

### E. Reasonableness of the Award

#### 1. Amount Plaintiff Requests

Plaintiff's counsel requests $31,704.04 in attorney's fees for 19.5 billable hours in 2022, 33 hours in 2023, and 55.75 hours in 2024.  (ECF No. 31-2, at 4–6).  Counsel also requests an enhanced rate of $50 above each year's EAJA statutory rate for hourly rates of

$284.95 in 2022 and $294.62 in 2023 and 2024. (*Id.* at 5). The requested fees are summarized in the lodestar calculation below:

| Date | Activity Description | Hourly Rate | Time | Amount |
|---|---|---|---|---|
| 9/28/22 | Discuss with claimant filing complaint; send complaint sample/ advise clt on drafting | $284.95 | 6 | $1,709.70 |
| 9/29/22 | Search and email complaint sample 1.5; advise claimant on filing pro se in Social Security case | $284.95 | 4.5 | $1,282.28 |
| 10/21/22 | Discuss complaint, discuss remand option and litigation strategy | $284.95 | 4.5 | $1,282.28 |
| 10/22/22 | Discuss remand appeal to Ninth Cir. Discuss *Minh Truong v. SSA* remand | $284.95 | 4.5 | $1,282.28 |
| 1/26/23 | Review hard copy administrative record. | $294.62 | 3 | $883.86 |
| 1/26/23 | Discuss case with claimant, advise on strategy | $294.62 | 2.5 | $736.55 |
| 9/8/23 | Discuss case strategy with claimant; discuss sample objection to R&R; outline litigation procedures | $294.62 | 6.5 | $1,915.03 |
| 9/9/23 | Consult with client .5; discuss opp. to remand | $294.62 | 3 | $883.86 |
| 9/10/23 | Research case law on remand; advise claimant on litigation procedures against government | $294.62 | 6 | $1,767.72 |
| 11/11/23 | Discuss opp. to remand; discuss with claimant legal representation, strategize | $294.62 | 6 | $1,767.72 |
| 12/23/23 | Discuss w/ Claimant remand options; review prior motions and advise strategy | $294.62 | 6 | $1,767.72 |
| 1/2/24 | Discuss with claimant legal representation, strategy re remand, review hard copy Adm. record | $294.62 | 8 | $2,356.96 |
| 1/3/24 | Review Administrative Record and Plaintiff's Summary Judgment & Opp. to remand | $294.62 | 8.5 | $2,504.27 |
| 1/4/24 | Research remand law and draft Opposition to Remand; consult w/ Clt. | $294.62 | 9 | $2,651.58 |

| | | | | |
|---|---|---|---|---|
| 1/5/24 | Draft and finalize Memo in opposition to remand | $294.62 | 8.5 | $2,504.27 |
| 1/6/24 | Consult with claimant .5; discuss appeal options | $294.62 | 2.75 | $810.21 |
| 2/26/24 | Review court order. Communicate with clt. | $294.62 | 1.75 | $515.59 |
| 2/28/24 | Research remand law for appeal; discuss w/ clt | $294.62 | 3.5 | $1,031.17 |
| 3/1/24 | Discuss case disposition w/clt and appellate procedure | $294.62 | 6.5 | $1,915.03 |
| 3/4/24 | Discuss w/ clt to prepare timely Notice of Appeal | $294.62 | 1.5 | $441.93 |
| 3/16/24 | Prepare EAJA application | $294.62 | 5.75 | $1,694.07 |
| | **Total** | | 108.25 | **$31,704.05** |

In addition, counsel requests $2,946.20 for 10 hours drafting the Reply at the 2024 rate. (Reply, at 11). In total, counsel requests $34,650.24 in attorney's fees. (*Id.*).[1]

2. Adjustments

Courts apply "the principles set forth in *Hensley* . . . to determine what constitutes a reasonable fee award under the EAJA." *Costa v. Comm'r of Soc. Sec'y Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). Although the lodestar is presumptively reasonable, the Court may adjust it by an appropriate multiplier "reflecting a host of reasonableness factors, including the quality of representation, the benefit obtained for the [plaintiff], the complexity and novelty of the issues presented, and the risk of nonpayment." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir. 2016) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)) (citation modified). Of these factors, "a party's success in the litigation is the 'most critical.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). "[W]here the plaintiff has achieved 'only limited

---

[1] The Government generally objects that Plaintiff's additional request violates 28 U.S.C. § 2412(d)(1)(B)'s requirement that Plaintiff submit an "itemized statement from any attorney . . . stating the actual time expended and the rate at which fees . . . were computed." (ECF No. 43-1, at 5); 28 U.S.C. § 2412(d)(1)(B). Because Plaintiff's counsel claims that all 10 hours were spent preparing Plaintiff's Reply brief at her requested 2024 hourly rate, the Court finds that this request complies with § 2412(d)(1)(B)'s requirements.

success,' counting *all* hours expended on the litigation—even those reasonably spent—may produce an 'excessive amount.'" *In re Bluetooth*, 654 F.3d at 942 (quoting *Hensley*, 461 U.S. at 436).

"When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should . . . consider[] the relationship between the amount of the fee awarded and the results obtained." *Yamada*, 825 F.3d at 546. Where, as here, Plaintiff initiated briefing that did not lead to any further benefit, the court must "consider[] the relationship between the amount of the fee awarded and the results obtained." *Cf. Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (quoting *Hensley*, 461 U.S. at 437). Defendant argues that because Plaintiff's objections to Judge Crawford's R&R were unsuccessful, Plaintiff should not recover fees incurred for that failed effort. (Opp'n at 12–14). Plaintiff's counsel disagrees that the objections were for naught, arguing that the objections still preserved certain arguments for Plaintiff's eventual appeal. (ECF No. 42, at 8–9). And while the appeal was dismissed for lack of prosecution, it appears Plaintiff herself made that decision as she was then proceeding pro se.

The Court agrees that a plaintiff's "failure to win all that she asked for does not mean her award must be reduced." *Long v. Colvin*, No. 13–cv–05716–SI, 2015 WL 3902160, at *2 (N.D. Cal. June 24, 2015). "Indeed, if there is a 'reasonable chance of obtaining benefits from the court, without another round of administrative proceedings' counsel should be encouraged to pursue that remedy." *Id.* (quoting *Rogers v. Astrue*, No. 09-cv-02158, 2010 WL 4569058, at *3 (E.D. Cal. Nov. 3, 2010)). So long as Plaintiff's reasons for objecting to Judge Crawford's R&R "were legally sound and not at all frivolous[,] [t]he fact that the Court ultimately did not adopt her reasoning is not a basis for denying EAJA fees." *Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999). While the Court was unpersuaded by Plaintiff's objections to Judge Crawford's R&R, Plaintiff's arguments were not unreasonable. Accordingly, the Court declines to reduce Plaintiff counsel's hours spent in preparation for Plaintiff's objection to Judge Crawford's R&R.

3. <u>Special Factor Enhancement</u>

"A 'special factor' enhancement is available under the EAJA if 'some distinctive knowledge or specialized skill [is needed] for the litigation in question.'" *Anh Tuyet Thai v. Saul*, No. 18cv2647-JAH-RBM, 2020 WL 4697971, at *2 (S.D. Cal. Aug. 13, 2020) (quoting *Pierce v. Underwood*, 487 U.S. 552, 572 (1988)). Such "special factors" may include an "identifiable practice specialty" which constitute "some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." *Pierce*, 487 U.S. at 572. "Before approving the enhancement, a court must determine that (1) 'the attorney . . . possess[es] distinctive knowledge and skills,' (2) 'those distinctive skills [are] needed in the litigation,' and (3) 'those skills [are not] available elsewhere at the statutory rate.'" *Anh Tuyet Thai*, 2020 WL 4697971, at *2 (quoting *Love v. Reilly*, 924 F.2d 492, 1496 (9th Cir. 1991)). Plaintiff bears the burden of proving these requirements. *Id.*

Counsel argues she is entitled to an enhanced $50 hourly rate "because of her experience and knowledge of social security law, and of the lack of counsel willing or able to represent Plaintiff." (Mot. at 10). Defendant claims Ms. Manbeck lacks the type of distinctive knowledge and skills that warrant an enhanced rate and that Plaintiff failed to demonstrate that other counsel were unwilling or unable to represent Plaintiff. (Opp'n at 14–17).

The Court agrees an enhanced fee is not warranted. "It is not enough, … that the attorney possess distinctive knowledge and skills." *Pirus v. Bowen*, 869 F.2d 536, 541–42 (9th Cir. 1989) (stating distinctive knowledge and skills "warrant additional fees only if they are in some way needed in the litigation and cannot be obtained elsewhere at the statutory rate"). Examples of cases involving "distinctive knowledge" or "specialized skill" include "highly complex area[s] of the Social Security Act, with which plaintiff's attorneys had already developed familiarity and expertise," *id.* at 542, or "knowledge of legal issues relating to traumatized persons" in Social Security appeals involving refugees. *Nguyen v. Berryhill*, No. 10-CV-2349-LAB-MDD, 2017 WL 3020958, at *3 (S.D. Cal.

July 17, 2017). By comparison, Plaintiff's appeal involved comparatively straightforward issues: whether the ALJ failed to consider and appropriately weigh the opinions of Plaintiff's treating physicians and relevant records when the ALJ determined Plaintiff's residual functional capacity. (*See generally* ECF No. 18). Accordingly, the Court declines to award an enhanced hourly fee.[2] Applying relevant statutory rates of $234.94 per hour in 2022, $244.62 per hour in 2023, and $251.84 per hour in 2024 to 19.5 hours, 33 hours, and 65.75 hours worked in those years, respectively, Plaintiff's adjusted lodestar is **$29,212.47**. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. CTS. FOR THE NINTH CIR., https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Aug. 15, 2025).

### F. Costs of Suit

Under the EAJA, a prevailing party may also recover "costs, as enumerated in section 1920 of this title." 28 U.S.C. § 2412(a)(1). "An applicant for reimbursement of expenses bears the burden to produce evidence that permits the court to determine what expenses were incurred in the litigation, and why they were incurred. An attorney's own sworn affidavit provides the necessary proof that costs were in fact incurred." *Nguyen*, 2017 WL 3020958, at *5 (internal citations omitted).

Ms. Manbeck initially requested reimbursement for $100 in travel expenses, photocopying, and postage costs. (Mot. at 15). In her Reply, she requests an additional $600 for copying costs, $29.04 for postage, and $3,200 for "Casetext legal research" costs for use of the Lexis/Nexis search platform. (Reply at 10–11). Defendant objects to an award of costs because counsel failed to provide proof of the requested costs. (ECF No. 43-1, at 4–5).

---

[2] The Court also notes that Ms. Manbeck's special expertise in representing Vietnamese-speaking litigants in Social Security appeals, while commendable, was not needed in this litigation. (*See* Mot. at 11–15). Plaintiff speaks and understands English.

The Court agrees with Defendant. Counsel failed to file a confirming affidavit or other proof of costs. Additionally, counsel's subscription to Lexis/Nexis does not appear to be a recoverable cost under § 1920. Accordingly, the Court declines to award costs to Plaintiff.

### G. Assignment of Fees

Ms. Manbeck requests that payment of fees be made directly to her "pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010)." (Mot. at 17). "[D]istrict courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4 (collecting cases). While there is no evidence of outstanding debt to the government, there is also no evidence of an assignment of payment by Plaintiff to Ms. Manbeck. Accordingly, the Court denies without prejudice the request for direct payment to Plaintiff's counsel.

### IV.   CONCLUSION

For these reasons, Plaintiff is awarded **$29,212.47** in attorney's fees. Costs are denied.

**IT IS SO ORDERED**.

Dated: August 25, 2025

Hon. Dana M. Sabraw
United States District Judge